```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
                                                                :
                                                                :  ORDER
              -against-                                         :  15-CR-00242 (JFB)
                                                                :
MICHAEL BELFIORE,                                               :
                                                                :
                          Defendant.                            :
                                                                :
----------------------------------------------------------------X
```

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

On May 23, 2018, after a jury trial, the defendant was convicted of 26 counts of distribution oxycodone and two counts of distributing oxycodone causing death in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Dkt. No. 198. After trial, the Court remanded the defendant to await sentencing. May 24, 2018 Trial Tr. at 2489. Thereafter, the defendant filed a motion for a new trial under Federal Rule of Criminal Procedure 33, and the Court continued the sentencing date until that motion is decided. Dkt. No. 215. On May 8, 2020, the defendant filed a motion for release from custody based on the COVID-19 pandemic. Dkt. No. 253. In that motion, the defendant seeks release under a variety of statutes—specifically, 18 U.S.C. §§ 3141(b), 3143(a), 3622—as well as under Federal Rule of Criminal Procedure 33.[1] The Government filed its opposition to that motion on May 15, 2020, Dkt. No. 256, and the defendant filed his reply on May 20, 2020, Dkt. No. 258. For the reasons set forth below, the defendant's motion is denied.

---

[1] In his "Notice of Motion," the defendant also asserts that he should be released under 28 U.S.C. § 2241 or sentenced to home confinement under 18 U.S.C. §§ 3621, 3624. Dkt. No. 253. However, the defendant does not provide any argument in his memorandum or reply papers why his motion should be granted under these statutes. Thus, they are not analyzed separately and are denied.

The Bail Reform Act, 18 U.S.C. § 3143(a)(1), provides that

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). This statute "establishes a presumption in favor of detention." *United States v. Abuhamra*, 389 F.3d 309, 319 (2d Cir. 2004) ("Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal." (internal quotation marks omitted)).

For crimes involving controlled substances for which a maximum term of imprisonment of ten years or more is prescribed, § 3143(a)(2) sets forth an additional requirement for bail pending sentencing:

> judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Section 3142(f)(1)(C) references "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 3142(f)(1)(C). The defendant was found guilty of crimes under the Controlled Substances Act that trigger § 3143(a)(2).

For the same reasons the Court detained the defendant following the jury's verdict, the defendant still has not satisfied the requirements of 18 U.S.C. § 3143(a)(2). The Court has already concluded that defendant poses an extremely high risk of flight—given that he faces a twenty-year mandatory minimum sentence—such that there is not clear and convincing evidence that any conditions or combination of conditions (including home detention and electronic monitoring) could reasonably assure his presence at sentencing. May 24, 2018 Trial Tr. 2487-88 ("[The Court does not] believe any condition or combination of conditions could reasonably assure his appearance for sentencing by clear and convincing evidence" because, for example, "the defendant is facing a mandatory minimum of 20 years in jail;" there does not appear to be "any basis to challenge the jury's verdict;" "with respect to any property that would be posted, it's unclear . . . what moral suasion those family members or friends would have over [the defendant] at this point given the lengthy sentence that he faces;" and the defendant ran a "largely . . . cash business" making it "extremely hard . . . to determine, for example if homes were posted or money was posted, what fraction that would be of what may be out there."). The reasons the Court previously explained for that finding continue to apply equally today. Neither the COVID-19 pandemic and the defendant's vulnerability to that virus while incarcerated, nor any other information supplied in the defendant's bail motion, undermine in any way the Court's previous conclusion of the risk of the flight issue. *See generally United States v. Rollins*, No. 11cr251S, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020) ("As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions above. In the absence of evidence demonstrating a change in circumstances concerning Rollins's status as a flight risk and danger to another person or the community, detention pending sentence must be maintained."). Thus, in its discretion, the Court adheres to its conclusion that the defendant is not entitled to bail pending

3

sentencing under § 3143(a)(2) because the Court concludes that it has not been demonstrated by clear and convincing evidence that he is not a risk of flight, as required under § 3143(a)(2)(B).

The defendant also seeks bail, pursuant 18 U.S.C. § 3145(c), based upon "exceptional reasons," including the COVID-19 risk to his health in the jail. Section 3145(c) creates a narrow exception to mandatory pretrial detention under 18 U.S.C. § 3143(a)(2). It provides, in relevant part, that: "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18. U.S.C. § 3145(c). As noted above, the conditions of release set forth in § 3143(a)(1) require a finding by the court "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). Given that the Court cannot find by clear and convincing evidence that he is not likely to flee, the Court need not address whether the defendant can satisfy the additional requirement of "exceptional reasons."[2]

Finally, the defendant's is not entitled to a 30-day furlough under 18 U.S.C. § 3622. As an initial matter, § 3622 vests the Bureau of Prisons with the authority to grant a furlough, not the sentencing court. *See, e.g., United States v. Roberts*, No. 18cr528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) ("As virtually every court to consider the question appears to have held, '[t]he statute could not be clearer as to whom it vests with the authority to grant temporary release . . . . [It] gives authority over temporary-release decisions 'to the Bureau of Prisons (BOP),

---

[2] To the extent the defendant makes a separate motion for bail based upon his pending motion under Rule 33 of the Federal Rules of Criminal Procedure, Rule 33 does not provide a separate ground for bail if the requirements under the Bail Reform Act are not met. The Court intends to issue a written decision on that pending motion within the next 45 days.

4

not the federal courts.'" (quotation marks and citations omitted) (collecting cases)). Therefore, there is no basis for this Court to grant a furlough to the defendant under 18 U.S.C. § 3622.

For the foregoing reasons, the motion is denied. The clerk of court is directed to close docket number 253.

SO ORDERED.
/s/ Joseph F. Bianco
_____
JOSEPH F. BIANCO
UNITED STATES CIRCUIT JUDGE
(sitting by designation)

Dated:       June 3, 2020